**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 16 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-30025 |
| | ) | |
| Gregory E. Miller and | ) | Chapter 7 |
| Suzanne M. Miller, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR TURNOVER

This case is before the court on the Chapter 7 Trustee's Motion for Turnover ("Motion") [Doc. # 46]. In the Motion, the Trustee seeks an order directing Creditor "Chase" to turnover funds in the amount of $5,871.48. The basis of the Trustee's Motion is his contention that the funds represent preference payments received by Chase. Debtor's certificate of service states that the Motion was served on Chase Card Services, N.A. by ordinary U.S. mail. Chase has not opposed the Motion within the time set forth in the notice appended to it and as required by the local bankruptcy rules. Nevertheless, the Motion is procedurally defective.

Under Bankruptcy Rule 7001, "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002," must be brought by adversary proceeding, which is commenced by a properly filed and served complaint. Fed. R. Bankr. P. 7001(1) and 7003; *see, also, Camall Co. v. Steadfast Ins. Co. (In re Camall Co.),* 16 Fed. Appx. 403 (6th Cir. 2001) (affirming bankruptcy court's decision denying a motion for turnover because it was filed as a motion rather than as an adversary proceeding as required

under Rule 7001); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (finding that a turnover order entered in an action commenced by motion rather than by complaint must be vacated) ; *In re Wheeler Tech., Inc.*, 139 B.R. 235, 239 (B.A.P. 9th Cir. 1992) (vacating bankruptcy court's order for turnover because proceeding was "inappropriately brought by . . .motion where an adversary proceeding is required"); *In re Barringer*, 244 B.R. 402, 410 (Bankr. E.D. Mich. 1999); *In re Riding*, 44 B.R. 846, 859 (Bankr. Utah 1984) (stating that "[t]he Bankruptcy Rules mandate that the court await the commencement of an adversary proceeding before determining whether turnover shall be required"). None of the exceptions to Rule 7001(1) are applicable in this case. Thus, Rule 7001 required Debtor to file its request for turnover as an adversary proceeding, subject to the procedural rules governing such proceedings, including rules governing service of the summons and complaint in Bankruptcy Rule 7004.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion [Doc. # 46] be, and hereby is, **DENIED, without prejudice.**